UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FAMEX INVESTMENTS LIMITED,

    Plaintiffs,

v.

FABRICA DE FIDEOS RIVOLI, S.A.

    Defendant.
_____/

# COMPLAINT

Plaintiff, FAMEX INVESTMENTS LIMITED ("Famex" or "Plaintiff") hereby sues Defendant, FABRICA DE FIDEOS RIVOLI, S.A. ("Rivoli" or "Defendant" ), and states:

## PARTIES, JURISDICTION AND VENUE

1. This is an action including claims for monetary damages, which exceed Fifteen Thousand Dollars ($75,000.00), exclusive of interest, costs and attorney's fees.

2. At all material times, Famex was and is a company organized and existing under the laws of the Cayman Islands, and is otherwise *sui juris*.

3. At all material times, Rivoli was and is an entity operating in Tucuman, Argentina, and is otherwise *sui juris*.

4. HSBC Private Bank International ("HSBC") is an Edge Act Corporation organized and operating under 12 U.S.C. 611 et seq., a federal law that authorizes the chartering of a corporation "for the purpose of engaging in international or foreign banking or other international or foreign financial operations."

1

5. HSBC and Rivoli entered into a Promissory Note in Miami, Florida which includes a provision which mandates that it be governed and construed in accordance with the laws of the State of Florida (the "Rivoli Loan").  *Attached as Exhibit A.*

6. Rivoli borrowed TWO MILLION (2,000,000.00) dollars from HSBC for business purposes. In other words, Rivoli conducted business in Florida, and the present cause of action arises from these same business activities.

7. Famex was a guarantor of the Rivoli Loan. The Guaranty also includes a provision which mandates that it be governed and construed in accordance with the laws of the State of Florida. *Attached as Exhibit B.*

8. Venue is proper in Miami-Dade County, Florida, pursuant to the aforementioned contractual provisions, and in accordance with 28 U.S.C. 1391, in that the events giving rise to this action occurred in Miami-Dade County, Florida.

9. All conditions precedent to the filing of this action have been performed, have occurred, or have been waived.

## GENERAL ALLEGATIONS

10. Rivoli, as Obligor/Maker, and HSBC, as Obligee/Lender, entered into the Rivoli Loan on or about October 12, 2010.

11. Pursuant to the Rivoli Loan, Rivoli promised to pay to the order of HSBC the sum of TWO MILLION (2,000,000.00) DOLLARS, together with interest as defined in the note, on April 15, 2013.

12. Famex entered into the Guaranty with HSBC on October 12, 2010.

13. Pursuant to the Guaranty, Famex guaranteed to HSBC the prompt and complete payment and performance when due of Rivoli's obligations to HSBC pursuant to the Rivoli Loan.

14. Rivoli failed to make full and complete payment pursuant to the Rivoli Loan, and, thereby defaulted under the note.

15. Thereafter, HSBC demanded payment from Famex, and Famex complied and provided full and complete payment.

16. As a result of Rivoli defaulting under the Rivoli Loan and otherwise failing to comply with its obligations, Rivoli is now liabile to Famex for the full and complete amount Famex paid to HSBC pursuant to the Rivoli Loan.

## COUNT I- CLAIM FOR SUBROGATION

17. Plaintiff re-alleges and incorporates by reference paragraphs 1-16, above, as if fully set forth herein.

18. Famex made full and complete payment to HSBC of the amount set forth in the Rivoli Loan to protect its interest and avoid unnecessary litigation.

19. Famex clearly did not act as a volunteer in making such payment.

20. Famex was not primarily liable for the debt. Rather, Rivoli was the primary obligor of the debt.

21. It is undisputed that Famex paid off the entire debt.

22. Under these circumstances, subrogation would not work any injustice to the rights of a third party.

23. Further, subrogation would prevent unjust enrichment to Rivoli. It is undisputed that Rivoli received the proceeds of the Rivoli Loan. Rivoli is in equity and good

conscience responsible for the debt and therefore must be ultimately answerable for its discharge.

24. Famex has been damaged as a result of Rivoli's failure to pay its debt.

**WHEREFORE**, Plaintiff respectfully requests judgment against Rivoli, including interest, and for such further relief as this Court deems fit and proper.

### COUNT II- CLAIM FOR INDEMNITY

25. Plaintiff re-alleges and incorporates by reference paragraphs 1-16, above, as if fully set forth herein.

26. As the guarantor of the Rivoli Loan, Famex and Rivoli shared a special relationship.

27. Famex discharged its duties pursuant to the Guaranty by paying the outstanding debt in full as demanded by HSBC.

28. As the primary obligor and maker of the Rivoli Loan, Rivoli is wholly at fault for defaulting on the Rivoli Loan, and its outstanding debt should have been discharged by Rivoli.

29. Famex has been damaged as a result of Rivoli's failure to pay its debt.

**WHEREFORE**, Plaintiff respectfully requests judgment against Rivoli, including interest, and for such further relief as this Court deems fit and proper.

### COUNT III- UNJUST ENRICHMENT

30. Plaintiff re-alleges and incorporates by reference paragraphs 1-16, above, as if fully set forth herein.

31. Plaintiff conferred a benefit upon Defendant by virtue of paying the outstanding amount due and owing under the Rivoli loan.

32. Defendant accepted and retained the conferred benefit and has knowledge of it. HSBC did not pursue or initiate suit against Defendant for the outstanding amounts due and owing.

33. As the primary obligor and maker of the Rivoli Loan, Rivoli is wholly at fault for defaulting on the Rivoli Loan, and its outstanding debt should have been discharged by Rivoli. Instead, Plaintiff discharged the debt. Under these circumstances, it would be inequitable for Defendant to retain this benefit without paying the value thereof.

34. Famex has been damaged as a result of Rivoli's failure to pay its debt.

**WHEREFORE**, Plaintiff respectfully requests judgment against Rivoli, including interest, and for such further relief as this Court deems fit and proper.

DATED: June 3rd, 2015

                                    **Respectfully Submitted,**

                                    /s/ Matthew L. Jones
                                  Matthew L. Jones, Esq.
                                  Florida Bar No.: 909335
                                  **JONES & ADAMS, P.A.**
                                  999 Ponce de Leon Blvd, Suite 925
                                  Coral Gables, FL
                                  Telephone: (305) 270-8858
                                  steven@jones-adams.com